Daniel S. Szalkiewicz, Esq. (DS2323)
VERIDIAN LEGAL P.C.
23 WEST 73RD STREET
SUITE 102
NEW YORK, NEW YORK 10023
*Attorneys for Plaintiff Jada-Lloyd Noyan*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Jada-Lloyd Noyan,<br><br>    Plaintiff,<br><br>    v.<br><br>David Ortiz,<br><br>    Defendant. | **COMPLAINT**<br><br>Case Action No. 25-17794 |

Plaintiff JADA-LLOYD NOYAN ("Plaintiff" or "JADA-LLOYD NOYAN"), by her attorneys VERIDIAN LEGAL P.C., as and for her Complaint hereby alleges, upon information and belief, as follows:

### PRELIMINARY STATEMENT

1. Plaintiff and Defendant David Ortiz ("Ortiz" or "Defendant") were involved in an intimate dating relationship.

2. During the course of their relationship, Plaintiff and Ortiz created several private, intimate videos together. These videos were made in confidence and with the mutual understanding that they would remain strictly private between the parties.

1

3. After the relationship ended, Plaintiff discovered that Defendant had betrayed that trust by intentionally and maliciously disseminating the intimate videos on the internet forum Discord without Plaintiff's knowledge, permission, or consent.

4. Defendant's conduct has caused Plaintiff severe emotional distress and ongoing trauma as the videos continue to circulate online beyond Plaintiff's control.

5. Accordingly, Plaintiff brings this action seeking injunctive, declaratory, and monetary relief against Defendant for violations of 15 U.S.C. §6851 and New Jersey's nonconsensual pornography statutes, New Jersey's invasion of privacy statute, and the intentional infliction of emotional distress.

## THE PARTIES

6. Plaintiff JADA-LLOYD NOYAN is a citizen of the County of Ocean, State of New Jersey.

7. Defendant David Ortiz is a citizen of the County of Camden, State of New Jersey. Defendant Ortiz's last known address is 1305 Centennial Village, Camden, New Jersey.

## JURISDICTION AND VENUE

8. This action is brought pursuant to 28 U.S.C. § 1331, federal question, pursuant to 15 U.S.C. § 6851.

9. Venue in this District is appropriate pursuant to 28 U.S.C. § 1391, as the District of New Jersey is the Judicial District in which Plaintiff resides.

## FACTUAL ALLEGATIONS

**Background**

10. Plaintiff and Defendant were in an intimate dating relationship that ended in 2025.

11. During the relationship, Plaintiff and Defendant created several intimate videos together.

12. Plaintiff consented to being recorded only with the express understanding and agreement that the videos would remain strictly private and confidential between the parties and would never be shared with any third party.

13. Unbeknownst to Plaintiff, while they were still dating, Defendant joined a Discord server entitled "For-the-Sluts."

14. Using the Discord username "guap856," Defendant intentionally disseminated the intimate videos to third parties without Plaintiff's knowledge or consent.

15. Specifically, on August 2, 2025, at approximately 4:21 p.m., Defendant uploaded two sexually explicit videos of Plaintiff to the Discord server. The first video depicts Plaintiff completely naked and engaging in sexual activity. The second video depicts both Plaintiff and Defendant completely naked while Plaintiff performs oral sex on Defendant.

16. On September 10, 2025, at approximately 12:23 p.m., Defendant uploaded an additional video to the Discord server depicting Plaintiff engaged in sexual intercourse. The video is approximately 14 seconds in length.

17. Plaintiff is clearly and unambiguously identifiable in each of the videos, which show her face, body, and other distinctive identifying features.

18. At no time did Plaintiff authorize, permit, or consent to Defendant's disclosure or distribution of any of these videos to any third party.

19. On September 16, 2025, the parties' relationship ended.

20. Shortly thereafter, Plaintiff was informed by a third party that Defendant had been sharing her intimate videos.

## FIRST CAUSE OF ACTION
### (Violation of 15 USC § 6851)

21. Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

22. Defendant Ortiz disclosed the videos of Plaintiff using his cell phone/computer.

23. Defendant Ortiz did not obtain Plaintiff's consent to disclose the videos.

24. Defendant Ortiz knew Plaintiff did not consent to the disclosure of the content online.

25. As a result of Defendant Ortiz's conduct, Plaintiff has been damaged.

26. Plaintiff demands judgment for any actual damages which exceed the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this matter, but not less than $150,000.00, together with damages for pain and suffering and punitive damages, attorney's fees, costs of this litigation, injunctive relief preventing Defendant Ortiz from disseminating the content, and such other relief as the Court deems equitable and just.

## SECOND CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

27. Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

28. Defendant Ortiz has engaged in the intentional, extreme, and outrageous conduct of possessing and disseminating Plaintiff's intimate visual depictions.

29. Defendant Ortiz engaged in such behavior knowing his decision to do so would have irreversible, lifelong consequences for Plaintiff and her mental well-being.

30. Defendant Ortiz's conduct was so extreme in degree and so outrageous in character that it goes beyond all possible bounds of decency.

31. Defendant Ortiz's sole purpose in sharing the intimate visual depictions was to harass and/or embarrass Plaintiff and cause her harm.

32. Defendant Ortiz intended to cause severe emotional distress or recklessly disregarded the likelihood that such conduct would tend to cause severe emotional distress. Such outrageous behavior is beyond the limits of decency and is intolerable in a civilized society.

33. As a direct and proximate result of Defendant Ortiz's conduct, Plaintiff suffered severe emotional distress.

34. Defendant Ortiz acted with the intent to cause severe emotional distress, or alternatively, disregarded the substantial probability that her actions would cause severe emotional distress.

35. Here, the acts of Defendant Ortiz were so egregious and were done so clearly with malice and/or reckless indifference in the face of a perceived risk that his actions would harm Plaintiff's reputation and mental well-being, that, in addition to all the damages inflicted upon Plaintiff and in addition to all the measure of relief to which Plaintiff may properly be entitled herein, Defendant Ortiz should also be required to pay punitive damages to punish him for his reckless conduct in the further amount greater than the jurisdictional limit of all lower courts to be determined by the trier of fact, in order to deter him and others similarly situated from engaging in such conduct in the future.

36. Plaintiff demands judgment against Defendant Ortiz in an amount to be determined upon the trial of this action; said amount being sufficient to compensate Plaintiff for her severe injuries as well as an amount sufficient to punish Defendant Ortiz for his willful, wanton, reckless, and unlawful conduct constituting a complete and reckless disregard for Plaintiff, together with interest, attorneys' fees, costs, and disbursements in this action; and said

amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### THIRD CAUSE OF ACTION
### (Violation of N.J.S.A. 2A:58D-1)

37. Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

38. New Jersey Statute 2A:58D-1 states:

   a. An actor who, in violation of section 1 of P.L.2003, c. 206 (C.2C:14-9), photographs, films, videotapes, records, or otherwise reproduces in any manner, the image of another person who is engaged in an act of sexual penetration or sexual contact, the exposed intimate parts of another person, or the undergarment-clad intimate parts of another person shall be liable to that person, who may bring a civil action in the Superior Court.

   b. An actor who, in violation of section 1 of P.L.2003, c. 206 (C.2C:14-9), discloses any photograph, film, videotape, recording or any other reproduction of the image of another person who is engaged in an act of sexual penetration or sexual contact, the exposed intimate parts of another person, or the undergarment-clad intimate parts of another person shall be liable to that person, who may bring a civil action in the Superior Court. For purposes of this section: (1) "disclose" means sell, manufacture, give, provide, lend, trade, mail, deliver, transfer, publish, distribute, circulate, disseminate, present, exhibit, advertise , offer, share, or make available via the Internet or by any other means, whether for pecuniary gain or not; and (2) "intimate parts" has the meaning ascribed to it in N.J.S.2C:14-1.

   c. The court may award:
   (1) actual damages, but not less than liquidated damages computed at the rate of $1,000 for each violation of this act;
   (2) punitive damages upon proof of willful or reckless disregard of the law;
   (3) reasonable attorney's fees and other litigation costs reasonably incurred; and
   (4) such other preliminary and equitable relief as the court determines to be appropriate.

   A conviction of a violation of section 1 of P.L.2003, c. 206 (C.2C:14-9) shall not be a prerequisite for a civil action brought pursuant to this section.

39. The intimate visual depictions mentioned above depicts Plaintiff's exposed intimate parts.

40. Defendant Ortiz distributed the intimate visual depictions to various individuals without Plaintiff's permission or consent.

41. Defendant Ortiz has violated New Jersey Statute 2A:58D-1.

42. As a result of Defendant Ortiz's actions, the Plaintiff demands judgment for any actual damages which exceeds the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this matter, together with damages for pain and suffering and punitive damages, attorney's fees, costs of this litigation and such other relief as the Court deems equitable and just.

## FORTH CAUSE OF ACTION
### (Invasion of Privacy)

43. Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

44. By publishing the videos to various third parties, Defendant Ortiz intruded on Plaintiff's physical solitude and seclusion.

45. The videos depict Plaintiff's naked body and show her engaging in sexual acts; accordingly they constitute a public disclosure of private facts.

46. It is clear that Defendant Ortiz has publicly disclosed private facts by sending Plaintiff's intimate visual depictions to third parties.

47. The matter being publicized by Defendant Ortiz – namely Plaintiff's naked body and performing a sexual act – would be highly offensive to a reasonable person and is not of legitimate concern to the public.

48. Defendant violated Plaintiff's New Jersey constitutional right of privacy, in particular, Plaintiff's rights against public disclosure of private facts (e.g., making public private information about plaintiff) and right to solitude, seclusion, or private affairs and concerns.

49. Defendant Ortiz intruded upon and violated the privacy of the Plaintiff knowingly, recklessly, and with malice aforethought when, without Plaintiff's knowledge and consent, she disseminated Plaintiff's highly intimate content.

50. By distributing the videos, Defendant Ortiz sought to embarrass and humiliate the Plaintiff and such embarrassment and humiliation was reasonably foreseeable.

51. By distributing the videos, Defendant Ortiz also sought to harm the reputation of the Plaintiff and such harm from his actions was reasonably foreseeable.

52. As a proximate and direct cause of Defendant Ortiz's actions which violated Plaintiff's rights of privacy, the Plaintiff suffered emotional distress, pain and suffering, and a harm to her reputation.

53. As a result of Defendant Ortiz's actions, Plaintiff demands judgment for any actual damages which exceeds the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this matter, together with damages for pain and suffering and punitive damages, attorney's fees, costs of this litigation, and such other relief as the Court deems equitable and just.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against Defendant, containing the following relief:

A. An award of damages against Defendant Ortiz in an amount to be determined at trial, but not less than $150,000.00 per intimate visual depiction shared, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for her emotional distress;

   B. An injunction and order permanently restraining Defendant Ortiz from disseminating Plaintiff's intimate content without her permission or consent;

   C. An award of punitive damages, and any applicable penalties and/or liquidated damages in an amount to be determined at trial;

   D. Prejudgment interest on all amounts due;

   E. An award of costs that Plaintiffs have incurred in this action, including, but not limited to, expert witness fees, as well as Plaintiffs' reasonable attorneys' fees and costs to the fullest extent permitted by law; and

   F. Such other and further relief as the Court may deem just and proper.

Dated: New York, New York
   November 20, 2025

            Respectfully submitted,

            **Veridian Legal P.C.**
            */s/ Daniel Szalkiewicz*

            _____
            By: Daniel S. Szalkiewicz, Esq.
            23 West 73rd Street, Suite 102
            New York, NY 10023
            Telephone: (212) 706-1007
            Facsimile: (646) 849-0033
            daniel@veridianlegal.com
            *Attorneys for Plaintiff*